AGENJO Y SANTIAGO ET AL., DEMANDANTES Y APELADOS, *v.* SANTIAGO ROSA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de contrato, y otros extremos.

No. 1531.—Resuelto en julio 27, 1918.

NULIDAD DE ESCRITURAS—AUTORIZACIÓN JUDICIAL—BIENES DE MENORES—JURISDICCIÓN—COMPETENCIA.—Las escrituras de enajenación de bienes inmuebles de menores otorgadas con autorización de la Corte de Distrito en que no radican los bienes, no adolecen de vicio de nulidad pues aquella corte tiene jurisdicción para actuar por razón de la materia y también competencia para otorgar la autorización, derivada de la sumisión de la parte con arreglo a los artículos 76 y 77 del Código de Enjuiciamiento Civil que han sido tomados de la antigua Ley de Enjuiciamiento Civil española.

JURISDICCIÓN VOLUNTARIA—JUEZ COMPETENTE.—Se ha establecido como regla general por el Tribunal Supremo de España y la Dirección General de los Registros que en los actos de jurisdicción voluntaria la ley concede la competencia al juez a quien se haya acudido; y como la autorización para enajenar bienes de menores es un acto de jurisdicción voluntaria, también a esa autorización es aplicable la doctrina expuesta.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan de Guzmán Benítez.*

Abogado de los apelados: *Sr. M. Tous Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 27 de mayo de 1913 los demandantes menores de edad, Félix Fabián, José Felipe, Vicente Luis, Angela Alejandra, Elena Wenceslá, Espiridión Doroteo, Juan Pedro, Gumersinda Aurora, y María Estrella Agenjo Santiago, representados por su defensor legal José Hernández Zeno, radicaron demanda en la Corte de Distrito de Humacao contra Juana Agenjo neé Santiago Rosa y Joaquín Ramos Ferro, con súplica de que se declarara nulo el contrato de compraventa de la finca "Santa Rosa" descrita en la demanda, celebrado por Juana Agenjo en representación de sus menores hijos los demandantes a favor de Joaquín Ramos Ferro, y nula también la inscripción de dicho contrato en el Registro de la Propiedad de Caguas, condenando al demando Ramos Ferro a entregar a los demandantes el referido inmueble libre de gravamen con los frutos producidos hasta la fecha de la demanda y los que continuara produciendo hasta su entrega a los demandantes, sin que éstos tuvieran que devolver cantidad alguna de la entregada por Ramos Ferro en concepto de precio de la compraventa del inmueble.

El demandado Ramos Ferro opuso excepción previa a la demanda por el fundamento de no constituir sus alegaciones una causa de acción y la excepción fué desestimada concediendo a aquél un plazo de diez días para contestar la demanda, según así lo hizo.

Juana Agenjo no compareció al juicio ni consta que fuera emplazada.

Más tarde el demandado Ramos Ferro solicitó que se constituyera en parte demandada a la mercantil Hermanos Sellés y Sobrino por existir sobre el inmueble Santa Rosa un gravamen hipotecario del cual era dueña dicha mercantil y por pedirse en la demanda se devolviera a los demandantes el inmueble libre de gravamen. La corte así lo acordó y la

sociedad Hermanos Sellés y Sobrino compareció y contestó la demanda.

Celebrado el juicio y sometida evidencia por las partes la corte dictó sentencia en 7 de agosto de 1915 estimando que procede declarar nulo y sin existencia legal alguna el contrato de compraventa de la finca "Santa Rosa" y nula por tanto su inscripción en el Registro de la Propiedad de Caguas, condenando en su virtud al demandado Joaquín Ramos Ferro a devolver a los demandantes el referido inmueble, libre de gravamen, con todas sus accesiones y los frutos producidos y que continúe produciendo hasta su entrega a los demandantes, y ordena al registrador de Caguas que una vez firme la sentencia proceda a cancelar la inscripción hecha del contrato de compraventa otorgado por Juana Santiago Rosa a favor de Joaquín Ramos Ferro, a quien reintegrarán los demandantes la cantidad de $600 satisfecha por Juana Santiago Rosa a José S. Alonso, debiendo asimismo los demandados satisfacer las costas.

Contra esa sentencia interpusieron recurso de apelación los demandados Joaquín Ramos Ferro y Hermanos Sellés & Sobrino.

En la opinión que sirve de fundamento a la sentencia se establecen como hechos probados los que transcribimos a continuación:

1°. Que la finca Santa Rosa a que se refiere la demanda radica en el término municipal de San Lorenzo del distrito judicial de Humacao.

2°. Que en el mes de septiembre de 1910, encontrándose la Corte de Distrito de Humacao en vacaciones, fué concedida al juez de la misma, Hon. Jorge V. Domínguez, una licencia con autorización para ausentarse de la Isla.

3°. Que en la misma época se concedió por la Corte de Distrito de San Juan a Juana Santiago Rosa autorización para enajenar los condominios en el inmueble Santa Rosa que correspondían a sus menores hijos los aquí demandan-

tes, y con esa autorización Juana Santiago Rosa vendió la finca "Santa Rosa" al demandado Joaquín Ramos Ferro.

4°. Que por autorización de la misma Corte de Distrito de San Juan dada en 22 de octubre de 1910, la misma señora Santiago Rosa cedió a Hermanos Sellés y Sobrino el crédito hipotecario constituído por Joaquín Ramos Ferro para garantía de la cantidad de $5,000 convenida como precio aplazado del inmueble.

5°. Que la finca Santa Rosa desde su enajenación hasta la fecha del juicio ha estado arrendada por el canon mensual de $55 percibidos desde entonces por Joaquín Ramos Ferro.

6°. Que del precio de adquisición ha satisfecho Juana Santiago una deuda de $600 contraída por Fabián Agenjo, causante de los demandantes, a favor de José S. Alonso, y otras obligaciones contraídas por ella a favor de otras personas.

La cuestión fundamental de ley a discutir y resolver en el presente recurso, pues a ella se subordinan las demás, es si la escritura de venta de la finca Santa Rosa y la de cesión del crédito hipotecario sobre ella constituído, otorgadas respectivamente en septiembre y octubre de 1910 con autorizaciones de la Corte de Distrito de San Juan y no de la del distrito de Humacao en que radica dicha finca, adolecen de vicio de nulidad, originado por la nulidad de las autorizaciones, procediendo en su virtud la restitución de la finca a los menores demandantes, libre de gravamen, con los pronunciamientos accesorios correspondientes según se solicita en la demanda y se ordena en la sentencia apelada.

Con relación a la anterior cuestión son de traerse a examen el artículo 229 del Código Civil Revisado enmendado por la Ley de 14 de marzo de 1907 según regía en los meses de septiembre y octubre de 1910 en que fueron concedidas por la Corte de Distrito de San Juan a Juana Santiago Rosa las dos autorizaciones de que se trata, y los artículos 76 y 77 del Código de Enjuiciamiento Civil también aplicables al caso.

Esos artículos dicen así:

"Art. 229 (C. C.).—El ejercicio de la patria potestad no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles que de cualquier modo pertenezcan al hijo, y que estén bajo la administración de alguno de aquéllos, sin previa autorización judicial, la que se les acordará por la corte de distrito del distrito judicial en que los bienes de que se trate radiquen, previa comprobación de la necesidad o utilidad de la enajenación o gravamen  *  *  *."

"Art. 76 (C. E. C.).—Con arreglo a su jurisdicción una corte conocerá de los pleitos a que dé origen el ejercicio de las acciones de toda clase, cuando las partes, hubieren convenido en someter dicho pleito a la decisión de tal corte.

"Art. 77 (C. E. C.).—Se entenderá hecha la sumisión:

"1. Por convenio escrito de las partes.

"2. Por el demandante en el mero hecho de acudir a la corte interponiendo la demanda."

La Ley de Procedimientos Legales Especiales aprobada en marzo 9, 1905, se limita a establecer en su artículo 80 que en todos los casos en que según el Código Civil necesiten los padres o el tutor de un menor autorización judicial para realizar algún acto que se refiera a la guarda de dicho menor o de sus bienes, se pedirá mediante solicitud dirigida a la corte de distrito competente, haciéndose en ella constar bajo juramento la necesidad y utilidad que reportará al menor el acto de que se trate y la causa que lo motive.  Ese artículo como se ve no establece regla alguna de competencia para los casos a que se refiere.

Estudiando comparativamente los artículos transcritos del Código Civil y de la Ley de Enjuiciamiento Civil llegamos a la conclusión de que la Corte de Distrito de San Juan tenía no sólo jurisdicción sino también competencia para otorgar las autorizaciones que de ella solicitó Juana Santiago Rosa.

Jurisdicción en derecho español, que es el que debe regular el presente caso, según el concepto que de ella nos da el ilustrado comentarista Manresa y Navarro en sus comentarios a la Ley de Enjuiciamiento Civil española, es la potestad de que se hallan revestidos los jueces para administrar

justicia; y competencia es la facultad que tienen para conocer de ciertos negocios, ya por la naturaleza misma de las cosas o bien por razón de las personas; la primera es el género y la segunda la especie.  La jurisdicción emana siempre de la ley directa e inmediatamente; nadie puede ejercerla sin que la ley le haya concedido ese poder; sólo tienen jurisdicción, sólo pueden administrar justicia, las personas a quienes les ha sido concedido este poder con arreglo a la ley; más la competencia del juez para conocer de un negocio aunque se derive también de la ley unas veces trae de ella su origen directa, inmediata y exclusivamente y otras lo tiene de la voluntad de las partes.  El primer caso forma la regla general y el segundo las excepciones.. *Garcés* v. *Franceschi,* 1 S. P. R. 282, *Bayron et al.* v. *García et al.,* 17 D. P. R. 538.

Todas las cortes de distrito de la Isla tienen jurisdicción para conceder autorización con el fin de enajenar bienes de menores aunque no todas tengan competencia para ello según el precepto del artículo 229, sino la del distrito en que radiquen los bienes, pero esa competencia que por su índole es de carácter adjetivo o procesal se la conceden los artículos 76 y 77 también transcritos del Código de Enjuiciamiento Civil cuando haya sumisión como sucede en el presente caso en que Juana Santiago Rosa acudió a la Corte de Distrito de San Juan para obtener las autorizaciones de enajenar bienes inmuebles pertenecientes a sus menores hijos.

Al resolver el caso de *Gómez* v. *Toro,* 23 D. P. R. 642, interpretamos los artículos 76 y 77 de nuestro Código de Enjuiciamiento Civil en relación con los 56, 57, y 58 de la antigua Ley de Enjuiciamiento Civil, que transcribimos a continuación:

"Art. 56.—Será juez competente para conocer de los pleitos a que dé origen el ejercicio de las acciones de toda clase, aquel a quien los litigantes se hubieren sometido expresa o tácitamente.

"Esta sumisión sólo podrá hacerse a juez que ejerza jurisdicción ordinaria y que la tenga para conocer de la misma clase de negocios y en el mismo grado.

"Art. 57.—Se entenderá por sumisión expresa la hecha por los interesados renunciando clara y terminantemente a su fuero propio, y designando con toda precisión el juez a quien se sometieren.

"Art. 58.—Se entenderá hecha la sumisión tácita:

"1º. Por el demandante en el mero hecho de acudir al juez interponiendo la demanda.

"2º. Por el demandado en el hecho de hacer, después de personado en el juicio, cualquiera gestión que no sea la de proponer en forma la declinatoria."

Entonces dijimos:

"Como puede verse sin dificultad el artículo 76 del nuevo código equivale al 56 de la ley antigua. El párrafo final del último se condensa en estas palabras: 'Con arreglo a su jurisdicción' del primero, y en vez de las palabras 'expresa o tácitamente' del primer párrafo del 56, se habla en el 76 de la sumisión en general.

"El artículo 77 del nuevo código comprende todos los casos de los artículos 57 y 58 de la antigua ley. Pero siguiendo el legislador español la pauta marcada en el artículo 56 define en los artículos 57 y 58 los casos de sumisión expresa y sumisión tácita, mientras que el legislador puertorriqueño, lógico con la fórmula adoptada en el artículo 76, abarca en el artículo 77 todos los casos de sumisión en general, aunque puede concluirse perfectamente que el número 1º. del artículo 77 comprende la verdadera sumisión expresa, y los números 2 y 3 del mismo, la tácita, con la única diferencia de que según el código moderno, basta que se convenga la sumisión por escrito para que exista y según la ley antigua era necesario que se renunciara el fuero propio y se designara el juez a que se sometieren las partes. * * *

"De ahí que sin dificultad alguna, no obstante nuestro Código de Enjuiciamiento Civil actual, puedan subsistir sus artículos 76 y 77 con su interpretación antigua."

Y la interpretación antigua que el Tribunal Supremo de España estableció en sus sentencias de 22 de julio y 30 de septiembre de 1875, 6 de octubre de 1876 y 2 de junio de 1877, es la de que en los actos de jurisdicción voluntaria no tienen cabida las cuestiones de competencia porque la ley concede ésta al juez ante quien se haya acudido, cuya doctrina ha sido invocada por la Dirección General de los Registros

de España en resoluciones de 22 de enero de 1886, 9 de mayo de 1889 y 8 de febrero de 1907 como también por esta Corte Suprema al resolver en 25 de marzo de 1905 recurso gubernativo de Solá contra nota del Registrador de la Propiedad de Caguas, 8 D. P. R. 213. Esas sentencias y resoluciones establecen por regla general sin consignar excepciones que en los actos de jurisdicción voluntaria la ley concede la competencia al juez a quien se haya acudido y como la autorización para enajenar bienes de menores es un acto de jurisdicción voluntaria, también a esa autorización es aplicable la doctrina expuesta. De igual doctrina hemos hecho aplicación en el día de hoy al resolver los casos Nos. 1498 y 1499 de *Martorell et al.* v. *J. Ochoa y Hermano et al.*, (págs. 689 y 709), y a ellos nos referimos.

Por las razones expuestas es de revocarse la sentencia apelada y dictarse otra declarando sin lugar la demanda, sin especial condenación de costas.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Asociado Sr. Aldrey no intervino.

El Juez Asociado Sr. Wolf disintió en la resolución de este caso.